UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5409 CAS (AJWx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Kenneth John Lodge v. U.S. Remodelers, Inc. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| PAUL SONGCO | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Andrew Friedman<br>Melanie Partow<br>Gregory Helmer | Oscar Rivas<br>Michael Lavenant |

**Proceedings:** **Defendants' Motion for Protective Order** (filed 03/30/08)

## I. INTRODUCTION

Plaintiffs Kenneth John Lodge and Judson Lertzman have filed the instant action against defendants U.S. Remodelers, Incorporated and U.S. Home Systems, Incorporated for allegedly making unlawful deductions from employees' earned commissions and failing to indemnify employees for expenses incurred in performing their employment duties in violation of Cal. Labor Code § 200 et seq.; failing to indemnify plaintiffs for expenses incurred in performing their employment duties in violation of Cal. Labor Code §§ 450 and 2802; and engaging in unlawful and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200.  The action is brought as a class action; however, no class has been certified by the Court.

On March 30, 2008, defendants filed the instant motion for a protective order.  Plaintiffs filed an opposition thereto on June 23, 2008.  Defendants filed their reply on June 30, 2008.  A hearing was held on July 14, 2008.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

At the center of the instant dispute is a letter dated April 2, 2008, that plaintiffs' counsel sent to potential class members.  See Mot., Ex. A (Letter and questionnaire from plaintiffs to potential class members).  This letter explains that it has been sent to "advise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5409 CAS (AJWx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Kenneth John Lodge v. U.S. Remodelers, Inc. | | |

[the recipient] that the law firm of Helmer •Friedman LLP represents plaintiffs in a potential class action lawsuit against U.S. Remodelers, Inc. and its parent corporation, U.S. Home Systems, Inc." Id. at 1.  The letter further explains that the lawsuit "alleges" that defendants have made unlawful deductions from employees' earned commissions, and that they have failed to indemnify employees for expenses incurred in performing their employment duties.  Id. at 1-3.  It goes on to list examples of the types of expenses at issue.  Id. at 2-3.  On page three of the three-page letter, the letter recites "U.S. Remodelers and its parent corporation have denied liability in this matter.  Currently, the parties are still in the process of investigating the allegations set forth in the lawsuit."  Id.  A questionnaire is also included with the letter.

Defendants concede, as they must, that communications with putative class members are generally permissible.[1]  Defendants contend, however, that plaintiffs' communications are inappropriate because they are misleading, deceptive, and confusing.  Defendants argue that plaintiffs recite "watered-down" legal standards.  Mot. at 16.  Defendants further argue that plaintiffs are attempting to "plant testimony" by suggesting that the alleged deductions, which the letter also "assumes" are illegal, "were the product of 'mistakes.'"  Id. at 17.  According to defendants, "the letter and questionnaire is a one-sided representation of the case."  Id. at 18.  Defendants acknowledge that plaintiffs use the term "allege" throughout the letter.  Defendants argue, however, that a lay-person would not understand the meaning of the term.  Defendants contend that the letter and questionnaire are likely to mislead a lay-person into believing that liability has already been established.  Defendants urge that it is misleading to only acknowledge that defendants have denied liability on the third page of the three page letter.  Finally, defendants contend that the questionnaire is an improper solicitation since plaintiffs ask potential class members if they have any "other claims."  Id. at 18.  As such, defendants urge that an order limiting plaintiffs' future communications with potential class members is appropriate.

---

[1] Defendants contend that plaintiffs should not have sent a letter to potential class members unilaterally because the parties were preparing a mutually agreed upon questionnaire to send to the class.  It does not, however, appear that plaintiffs ever represented that they would only contact potential class members with the consent of defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5409 CAS (AJWx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Kenneth John Lodge v. U.S. Remodelers, Inc. | | |

     Communications with potential class members may not be restricted unless it is shown that such restrictions are necessary. See Parks v. Eastwood Ins. Services, Inc., 235 F. Supp. 2d 1082, 1084 (C.D. Cal. 2002) ("[P]arties or their counsel should not be required to obtain prior judicial approval before communicating in a pre-certification class action, except as needed to prevent serious misconduct."). Any limitation on pre-certification communications between parties and potential class members should be "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." Gulf Oil Co. v. Bernard, 452 U.S. 89, 101 (1981). "Courts have limited pre-certification communications with potential class members after misleading, coercive, or improper communications were made." Mevorah v. Wells Fargo Home Mortg., Inc., 2005 U.S. Dist. LEXIS 28615, at *11 (N.D. Cal. Nov. 17, 2005).

     Plaintiffs' communications here cannot be said to be misleading or coercive. The letter clearly explains that it is written in regard to a "potential class action lawsuit." Mot., Ex. A (Letter and questionnaire from plaintiffs to potential class members) at 1. It describes the nature of the instant case in a neutral fashion, by constantly using the term "allege," and it informs the recipient that their participation is voluntary, that the recipient has the right to their own attorney, and that the recipient may also assist defendants with their defense of the lawsuit. Further, the communication does not contain misleading statements of law or fact. The letter states that plaintiffs allege that they are entitled to reimbursement of costs and expenses incurred by them during the performance of their job duties, and that U.S. Remodelers has failed to reimburse plaintiffs for expenses they incurred in the course of performing their job duties and responsibilities. The letter also states that the lawsuit alleges that defendants made improper deductions. These are not statements of the law or of the proven facts, but rather are only characterizations of plaintiffs' allegations. Therefore, a protective order is not warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5409 CAS (AJWx) | Date | July 14, 2008 |
|---|---|---|---|
| Title | Kenneth John Lodge v. U.S. Remodelers, Inc. | | |

## III.   CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion for a protective order.

IT IS SO ORDERED.

00:05

Initials of Preparer    PS