IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| KENNETH JOHN LODGE, JUDSON LERTZMAN, BARBARA GALARO AND MICHAEL HOPKINS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. REMODELERS, INC., a corporation, U.S. HOME SYSTEMS, INC., a corporation, and DOES 1 through 75, inclusive,<br>Defendants. | CASE NO.:CV07-05409 CAS (AJWx)<br><br>*[Honorable Judge Christina A. Snyder]*<br><br>[AMENDED ~~PROPOSED~~] ORDER RE: FINAL APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT; AND (2) CERTIFICATION OF SETTLEMENT CLASS |

ORDER RE: MOTION FOR FINAL APPROVAL

On November 30, 2009, the Court heard the following motion in the above-captioned matter (the "Lawsuit"): the Motion for Final Approval of Class Action Settlement and Certification of Settlement Class. After reviewing the written submissions and after hearing arguments of counsel, the Court finds and orders as follows:

1. All terms used in this Order ("Final Order") shall have the same meaning as defined in the Parties' Stipulation and Settlement Agreement ("Stipulation of Settlement" or "Settlement Agreement").

2. This Court has jurisdiction over the subject matter of the Lawsuit and over all Parties, including all Class Members.

3. On August 24, 2009, the Court: (1) granted preliminary approval to the Parties' proposed class action settlement; (2) conditionally certified settlement subclasses; (3) approved class notice; (4) appointed class counsel; and (5) scheduled a final approval hearing date and related dates (the "Preliminary Approval Order"). The settlement subclasses (the "Class") were conditionally certified as follows: (1) a "Commission Subclass" which included any Class Member who was paid or should have been paid any commission for any contract or job sold anywhere in California; and (2) an "Expense Subclass" which included any Class Member who was paid or should have been paid any commission for any contract or job sold in California *and* who claims to have purchased any item necessary to discharge the duties of the job or who claims to have been told by Defendants to purchase any item to do his or her job. The Class is now finally and conclusively certified for settlement purposes.

4. In accordance with this Court's Preliminary Approval Order, Defendants provided a list of Class Members to the Claims Administrator, CPT Group, Inc. ("CPT"). CPT then mailed the "Notice Packet," consisting of the Notice of Pendency of Class Action, Claim Form, and Request for Exclusion from Class Action, to 739 Class Members on that list.

5.  The Notice Packet adequately informed the Class of: (1) the pendency of the proposed class-action settlement; (2) all material terms of the proposed Settlement Agreement; (3) the hearing date for final approval of the Settlement Agreement; and (4) the opportunity to be excluded from the proposed Class or otherwise object to the proposed Settlement Agreement. Alejandra Zarate of CPT has filed a Declaration with the Court concerning the dissemination of the Notice Packet and the status of claims and objections. The Declaration of Alejandra Zarate demonstrates that this Court's orders have been complied with in regards to the Notice Packet and preliminary approval of the Settlement Agreement and, furthermore, that the best notice practicable and possible under the circumstances was in fact given and constituted valid, due, and sufficient notice to members of the Class, complying fully with all applicable statutes and laws.

6.  The Court finds that the Settlement Agreement was the product of lengthy, arm's-length negotiations between experienced counsel, assisted by a respected mediator. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Class, and hereby grants final approval to the Settlement Agreement. In so doing, the Court has thoroughly considered such factors as the strength of the Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the amount and nature of discovery and evidence; the experience and views of counsel; and the reaction of the Class Members to the proposed Settlement Agreement. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). The parties are hereby ordered to carry out the terms of the Settlement Agreement.

7.  The Court further finds that Defendants have complied with the notice requirements to the appropriate federal and state officials as required by the Class Action Fairness Act of 2005 (CAFA). 28 U.S.C. §§1711-1715. In particular, the notice was sent with 10 days of the proposed settlement being filed in Court,

providing the items listed in Section 1714(b) of Title 28 of the U.S. Code, and providing the ninety (90) days after the notice before requesting final approval.

8. Defendants shall pay the value of the valid claims presented using the claim procedure described in the Settlement Agreement and for the amounts set forth in the Settlement Agreement. The value of each claim is to be determined using the formulas contained in the Settlement Agreement. All valid claims will be paid from the Commission Claims Fund and/or the Expenses Claims Fund, up to the value of the valid claims, calculated using the formulas contained in the Settlement Agreement. In no event shall Defendants be obligated to pay anything above and beyond the amounts allocated either to the Commission Claims Fund or the Expenses Claims Fund, as set forth in the Settlement Agreement. In addition, Defendants shall pay CPT Group, Inc. $10,000.00 as described in the Settlement Agreement to pay for administration costs associated administering this settlement. Defendants shall have no further liability for costs, expenses, interest, attorneys' fees, or for any other charges, expenses, or liabilities arising from this Lawsuit, except as provided in the Settlement Agreement.

9. All Class Members who have not opted out of the settlement by submitting a timely and valid Request for Exclusion from Class Action are bound by the release and waiver in the Settlement Agreement and by this Final Order.

10. The Settlement Agreement is not an admission by Defendants, nor is this Final Order a finding of the validity of any claims in the Lawsuit or any wrongdoing by Defendants. In addition, the Settlement Agreement is not an admission, nor is this Final Order a finding that the certification of the Class is proper for any purpose or proceeding other than for settlement purposes in the present case. Furthermore, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the settlement or the Settlement Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any

purpose adverse to Defendants, including, but not limited to, evidence of a presumption, concession, indication or admission by Defendants of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against Defendants, in any further proceeding in the Lawsuit, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating the Settlement Agreement. However, the Settlement Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of the Settlement Agreement, or in defense of any claims released or barred by the Settlement Agreement. It may also be admitted or used in any proceedings to determine the preclusive effect of Order.

11. The claims alleged in the Complaint are hereby dismissed with prejudice as to all Class Members who have not opted out of the settlement by submitting a timely and valid Request for Exclusion from Class Action, provided, however, and without affecting the finality of this Final Order in any way, this Court shall retain continuing jurisdiction over the administration and implementation of the terms of the Settlement Agreement.

**IT IS SO ORDERED:**

DATED: 11/30/09

Hon. Christina A. Snyder
Judge of the U.S. District Court

4
ORDER RE: MOTION FOR FINAL APPROVAL